USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

    -v-

DAMIAN BROWN,

          Defendant.
------------------------------------x

05-cr-538 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On January 14, 2020, the Court received a pro se letter from defendant Damian Brown asking the Court to assign a federal defender to represent him in a 28 U.S.C. § 2255 motion in light of Rehaif v. United States, 139 S. Ct. 2191 (2019). The Court hereby denies the request for appointment of counsel, as the Court finds his rationale for the request to lack merits.

Nonetheless, the Court hereby directs the Clerk of the Court to transfer the instant letter to the Court of Appeals for the Second Circuit on the possibility that it could be construed as a § 2255 motion, in which case it is a successive § 2255 motion given that Brown previously filed a first § 2255 motion on October 31, 2011 (which the Court denied).[1] See 11-cv-7797 (JSR)(GWG), ECF Nos. 1, 13.

---

[1] Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A) provides that "[b]efore a second or successive application

-1-

SO ORDERED.

Dated:   New York, NY
         January 20, 2020

                                          _____
                                          JED S. RAKOFF, U.S.D.J.

---

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." When a petitioner files a successive habeas petition without first obtaining certification of the Court of Appeals, "the district court should transfer the petition or motion to [the Court of Appeals] in the interest of justice." Corrao v. United States, 152 F. 3d 188, 190 (2d Cir. 1998).