UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    -v-

DAMIAN BROWN,

                    Defendant.

05-cr-538-01 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

The Court is in receipt of a motion from defendant Damian Brown seeking a reduction in the length of his sentence pursuant to 18 U.S.C. § 3582(c)(2). See Mtn. for Correction of Sentence ("Mtn."), ECF No. 250. For the reasons set forth below, the Court denies the motion.

I.    Background

In 2008, Brown was convicted at trial of various charges related to his participation in a drug conspiracy run by his co-defendant, Shawn Peterkin, and in several shootings, including one that resulted in the death of a man named Keino Simpson. See PSR ¶¶ 15-19, 26. At sentencing, the Court adopted Probation's calculation of defendant's Guidelines sentencing range, over defendant's objection. See Sent'g Tr. at 4:3-5, ECF No. 125. Specifically, defendant objected to the application of the first-degree murder cross-reference under U.S.S.G. § 2A1.1. He argued that the evidence did not support a finding of premeditation and that the second-degree murder cross-reference under U.S.S.G. § 2A1.2 should have been applied instead. See Def. Sent'g Mem. at 3-5, ECF No. 106. The Court disagreed. See Sent'g Tr. at 4:3-5.

1

Ultimately, the Court sentenced Brown to 390 months' imprisonment, or 32.5 years. See Judgment, ECF No. 111.

On August 15, 2022, after Brown had served over seventeen years of his original sentence, the Court granted his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), finding that his young age and borderline intellectual disability at the time of the crimes, the strong evidence of his rehabilitation in the years since his conviction, and the harsh conditions of confinement he experienced during the COVID-19 pandemic together constituted "extraordinary and compelling reasons" that warranted a reduction in the length of his sentence. See ECF No. 239. Taking into account the § 3553(a) sentencing factors, the Court reduced Brown's sentence by 54 months, to 336 months or 28 years.

Brown now moves for a further reduction in his sentence, this time invoking 18 U.S.C. § 3582(c)(2), which permits the court to reduce the sentence of a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission. Brown points to Amendment 684 to the United States Sentencing Guidelines, which, among other things, amended the Guidelines to direct the application of the second-degree murder cross-reference under § 2A1.2 "in cases in which the conduct involved is second degree murder." See U.S.S.G. Amend. 684 (2006). Brown argues that he should have been allowed to benefit from this amendment, and that application of the second-degree murder guideline would have called for a lower Guidelines range as the starting point in his case. See Mtn. at 4-5. He further argues that

it was a "serious error" to instead apply the higher Guidelines range for first-degree murder because the evidence at trial demonstrated that he did not plan to kill the victim. Id. at 5-6.

## II.  Discussion

Congress has authorized courts to modify a term of imprisonment only in limited circumstances. As relevant here, under 18 U.S.C. § 3582(c)(2), which the defendant invokes, a court may reduce a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Brown's reliance on this provision, however, is misplaced. The change to the Sentencing Guidelines enacted by Amendment 684, to which he points, took effect with the November 1, 2006, edition of the Guidelines. See U.S.S.G. Amend. 684 (2006). Thus, it was already in effect when Brown was sentenced on September 22, 2008, under the May 1, 2008, edition of the Sentencing Guidelines. See PSR ¶ 32. Brown's motion acknowledges as much. See Mtn. at 6 ("Amendment 684 at the date of Brown[']s sentence of conviction in 2008 applied to him."). Indeed, at sentencing, Brown's counsel made the very argument that Brown now makes to the Court. He argued, based on the amendment to the Guidelines enacted by Amendment 684, that Brown's sentencing range should have been calculated using the second-degree murder cross-reference under

§ 2A1.2 and not the first-degree murder cross-reference under § 2A1.1.[1] <u>See</u> Def. Sent'g Mem. At 3-5. The Court addressed and rejected this argument at the time. <u>See</u> Sent'g Tr. At 4:3-5.

Section 3582(c)(2) does not authorize the Court to reduce Brown's sentence based on a Guidelines provision that was already in effect at the time of his sentencing. Because the only Guidelines change to which Brown points in his motion was adopted in 2006, before Brown was sentenced, Brown's motion does not identify any amendment to the Guidelines that took effect <u>after</u> his sentencing. Thus, his motion does not establish that he was sentenced "based on a sentencing range" that was "subsequently . . . lowered by the Sentencing Commission," or that he is entitled to a sentence reduction under that provision. 18 U.S.C. § 3582(c)(2).

Brown's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is therefore denied.

SO ORDERED.

New York, NY
February 15, 2026

JED S. RAKOFF, U.S.D.J.

---

[1] It therefore is not the case, as Brown argues in his reply, that defense counsel "failed to bring [§ 2A1.2] to the Court[']s attention" at sentencing. Reply Mtn. at 2, ECF No. 255.