UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>DAMIAN BROWN,<br><br>Defendant. | 05-cr-538-01 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On February 15, 2026, the Court denied a motion from defendant Damian Brown seeking a reduction in the length of his sentence pursuant to 18 U.S.C. § 3582(c)(2). See ECF No. 263 (denying ECF No. 250). The Court is in receipt of a motion from the defendant seeking reconsideration of that Order. See ECF No. 265. Because the motion identifies no basis for reconsidering the Court's decision, the motion is denied.

Brown seeks resentencing under 18 U.S.C. § 3582(c)(2), which permits the court to reduce the sentence of a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission. As noted in the Court's February 15, 2026, Order denying Brown's motion, Brown does not identify any change to the Sentencing Guidelines that took effect after he was sentenced. Amendment 684, to which he points, took effect with the November 1, 2006, edition of the Guidelines and was already in effect (and, indeed, at issue) at Brown's sentencing on September 22, 2008. See ECF No 263 at 3-4; see also PSR ¶ 32. Although Brown repeats in his motion for reconsideration his

argument that, based on Amendment 684, his sentencing range should have been calculated using the cross-reference for second-degree (and not for first-degree) murder, he still does not explain how his arguments implicate a sentencing range that was "subsequently . . . lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court therefore lacks the authority to reduce Brown's sentence based on the arguments he raises.

To the extent that Brown means independently to argue that the Court erred by applying the cross-reference for first-degree murder in calculating his sentencing range at his original sentencing, this motion is not the right vehicle for advancing that claim. See United States v. Darco, 377 Fed. App'x 61, 64 (2d Cir. 2010) (the proper vehicle for challenging the legality of a sentence is a motion pursuant to 28 U.S.C. § 2255, not a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2)).[1]

The Court has considered the remaining arguments Brown raises and finds them to be without merit. The motion for reconsideration is therefore denied. See ECF No. 265.

[1] In this respect, the Court notes that § 2255 relief is likely not available to the defendant, whose conviction became final many years ago and who has already filed and received consideration of a § 2255 motion. See 18 U.S.C. § 2255(f)(1) (motions to vacate a sentence under § 2255 generally must be filed within one year of "the date on which the judgment of conviction becomes final"); id. § 2255(h) ("second or successive" motions under § 2255 are only available in limited circumstances).

The Clerk of Court is respectfully directed to close the motion at ECF No. 265 and to mail a copy of this Order to the defendant.

SO ORDERED.

New York, NY
July 20, 2026

JED S. RAKOFF, U.S.D.J.